# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Abdul Shabazz Muhammad,
a/k/a Andre Dotson, et. al.
    Plaintiffs

vs                                  Case No. 1:08-cv-256-HJW-TSH
                                           (Weber, Sr. J.; Hogan, M. J.)

Sheriff Simon Leis, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

      This matter is before the Court on the motion to dismiss by Defendants Simon L. Leis, Jr., James R. Dattilo, Rodney Schaible, and Margarita Mergy (Doc. 15) and the motion to dismiss, or in the alternative for a more definite statement, filed by Defendants Julia L. McNeil and Ernest F. McAdmas, Jr. (Doc. 17).

      On November 17, 1008, the Court issued a Show Cause Order directing Plaintiffs to show cause why Defendants' motions should not be granted for the reasons stated in the motions. (Doc. 21). Plaintiffs sought and were granted an extension of time within which to respond to the Court's Order. (Docs. 23, 24, 25). Plaintiffs filed a response on April 20, 2009. (Doc. 34).

      Pro se Plaintiffs Abdul Shabazz Muhammad and Sylvia R. Gilliam initiated this action On April 11, 2008 with the filing of motions to proceed *in forma pauperis* and copies of the their proposed complaint. (Docs. 1, 2). On April 22, 2008, the Court granted Plaintiffs' motion to proceed *in forma pauperis* and ordered that the United States Marshals serve a copy of the complaint and summons upon Defendants as directed by Plaintiffs. (Doc. 3). Plaintiffs' complaint was subsequently filed on April 30, 2008. (Doc. 7).

Pro se Plaintiff Muhammad, also known as Andre Dotson, avers that in 1993 he was convicted in the State of Arkansas of forcible rape and sentenced to eighteen years in the Arkansas penal system. Upon his release from prison in 2005, Plaintiff moved to Cincinnati, Ohio, where he was required to register as a sex offender based on his 1993 conviction from Arkansas. Pro se Plaintiff Gilliam is Plaintiff Muhammad's mother.

Plaintiffs' complaint names as Defendants Simon L. Leis, Jr., Sheriff of Hamilton County, Ohio, Sheriff's Deputies James R. Dattilo, Rodney Schaible, and Margarita Mergy (the Sheriff Defendants), and Julia L. McNeil, former City Solicitor for the City of Cincinnati, Ohio and Ernest F. McAdams, Cincinnati City Prosecutor (the City Defendants). Plaintiffs assert claims under 42 U.S.C. § 1983, alleging that the Sheriff Defendants violated Plaintiff Muhammad's Fourteenth Amendment rights to Substantive and Procedural Due Process, when he was improperly classified as a sexual predator under Ohio's sex offender classification and registration statute, Ohio Rev. Code § 2950 et. seq., known as "Megan's Law." Plaintiff Muhammad alleges that application of the Ohio sex offender registration statute to his conviction violates the Ex Post Facto clause of the United States Constitution, and that the statute is unconstitutional both on its face and as applied to him. Plaintiff Muhammad claims that he was subjected to false arrest for failing to re-register his address with the Sheriff Defendants in 2005. Plaintiffs further allege that they suffered damages when the Hamilton County, Ohio, Sheriff's Office posted inaccurate and defamatory information about Plaintiff Muhammad on its website which makes certain sex offender registration information available to the public. Plaintiffs also allege that Plaintiff Muhammad was subjected to false arrest, malicious prosecution, and defamation by the City Defendants when Plaintiff was arrested and prosecuted for violating Ohio Rev. Code § 2950.031, which prohibits non-registration exempt sex offenders from living within 1000 feet of a school. Finally, Plaintiff Gilliam claims that she suffered damages as a result of the unconstitutional application of Megan's law to her son, including being forced to move from her residence when Plaintiff Muhammad, who was living with her, was notified that he was living too close to a school. Plaintiffs' complaint states that the claims are asserted against the Defendants in both their official and individual capacities. Plaintiffs seek both injunctive relief and compensatory and punitive damages.

The Sheriff Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) & 12(b)(7). The Sheriff Defendants contend that the complaint

should be dismissed for myriad reasons. The Sheriff Defendants argue that because Plaintiffs are no longer residents of Hamilton County, Ohio, their claims for injunctive relief based on registration requirements under Megan's law are moot. The Sheriff Defendants further contend that Plaintiff Gilliam's claims should be dismissed because she cannot assert claims for damages under § 1983 based on alleged violations of her son's civil rights. The Sheriff Defendants also argue that Plaintiff Muhammad's claims for improper classification and false arrest are barred by the applicable statute of limitations. In addition, the Sheriff Defendants contend that all monetary claims against them are barred by the doctrine of sovereign immunity. The Sheriff Defendants also contend that to the extent Plaintiff's complaint purports to assert claims against them in their individual capacities, the Defendants are entitled to qualified immunity. Finally, the Sheriff Defendants contend that Plaintiffs have failed to state a claim for a constitutional violation because Megan's law is constitutional, and because Plaintiffs failed to join the Ohio Attorney General as a party to this action challenging the validity of Ohio's statute.

The City Defendants also move to dismiss the complaint. They contend that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(3) & 12(b)(6), because Plaintiff's claim for injunctive relief against Defendant McNeil is moot, Plaintiffs have failed to state claims against Defendant McAdams with any specific claim for damages or other relief, and because the City Defendants are entitled to prosecutorial immunity. The City Defendants also contend that Plaintiff Gilliam has failed to state a claim or allege any injury directly to her caused by Defendants.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While a plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 127 S.Ct. 2197 (2007)(citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). In *Twombly,* the Supreme Court explained that, "once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986)(courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998)("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997)(citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974. *See Gadberry v. Bethesda, Inc.*, 608 F.Supp.2d 916, 918-919 (S.D. Ohio 2009).

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie*, 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs' complaint and their response to the Court's show cause order make

clear that Plaintiff Muhammad is not longer a resident of Ohio and is no longer subject to the sex offender registration requirements of Ohio Rev. Code § 2950 et. seq. As a consequence, his claims for injunctive relief against the Sheriff and the City Defendants are moot. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 ((1976). Plaintiff Muhammad has not alleged any continuing adverse effects from the alleged illegal conduct now that he is no longer an Ohio resident nor subject to the state's registration requirements. Plaintiffs' assertion that their claims for injunctive relief are not moot because they relate to past violations is insufficient to avert dismissal. *Id.* "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir.), *cert. denied*, 508 U.S. 940 (1993), citing *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Accordingly, the Court is without jurisdiction to consider Plaintiffs' claims for injunctive relief against any of the Defendants.

Plaintiffs' claims against Defendant McNeil seek injunctive relief and should be dismissed for the reasons set forth above. Plaintiffs have not stated a claim against Defendant McAdams with any specificity and therefore they are not entitled to relief against Defendant McAdams. The Plaintiffs' complaint must set forth more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Twombly*, 127 S.Ct. at 1965. While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974; *Gadberry v. Bethesda, Inc.*, 608 F.Supp.2d 916, 918-919 (S.D. Ohio 2009).

Insofar as Plaintiffs seek to state a claim against City Defendants McNeil and McAdams for enforcement of Ohio Rev. Code § 2950.034, the City Defendants are immune from liability under section 1983. To determine whether a prosecutor is entitled to absolute immunity for a particular act, the Court must examine the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). Ohio Rev. Code § 2950.034 is a remedial statute designed to enforce state law and policy, rather than a criminal statute. *State v. Mutter*, 871 N.E.2d 1264 (Ohio Ct. App. 2007). Nevertheless, enforcement of Ohio Rev. Code § 2950.034 is a prosecutorial act associated with the judicial process, rather than merely an administrative or investigative function. Consequently, Plaintiffs' claim that the City Defendants are liable for conduct stemming from enforcement of Ohio Rev. Code § 2950.034 is barred by the immunity doctrine.

5

*Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993); *Joseph v. Patterson*, 795 F.2d 549, 554 (6th Cir.1986); *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). To the extent that Plaintiff Gilliam seeks to state a claim against these Defendant based on notices sent to Plaintiff Muhammad at Gilliam's address, Defendant Gilliam cannot state a § 1983 claim based on harm to her son. *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984).

For these reasons, the City Defendants' motion to dismiss should be granted.

Similarly, the Sheriff Defendants' motion to dismiss should be granted. Plaintiffs' § 1983 claims based on alleged misclassification under the Ohio sex offender registration statute and the alleged false arrest of Plaintiff Muhammad in 2005 are barred by the applicable statute of limitations. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989).

In so far as Plaintiffs seek to hold the Sheriff Defendants liable in their official capacities for enforcement of Ohio's sex offender classification and registration statute, these Defendants are likewise entitled to immunity. The Sheriff Defendants were acting as state agents when enforcing state law and policy set forth in Ohio Rev. Code § 2950 et. seq. *Brotherton v. Clevelend*, 173 F.3d 552, 566 (1999); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993); *S.J. v. Hamilton County, Ohio*, 374 F.3d 416, 420 n.3 (6th Cir. 2004). The statute sets forth detailed provisions governing the duty to register sex offenders, the manner of registration, the duty to verify current addresses, and requirements for community notification. In addition, the statute itself grants officers charged with its enforcement with immunity from civil liability. *See* Ohio Rev. Code § 2950.12. There are no allegations whatsoever that suggest the Sheriff Defendants exercised discretionary powers or implemented any protocol, practice, or system of enforcement that would render their actions discretionary and thereby remove the cloak of immunity afforded to state actors. *See Brotherton*, 173 F.3d at 566-67.

To the extent that Plaintiffs seek to assert claims against the Sheriff Defendants in their individual capacities, these Defendants are entitled to qualified immunity. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of a which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800. 818 (1982). In the present case, Plaintiff's allegations

fail to demonstrate that the Sheriff Defendants' conduct violated a clearly established statutory or constitutional right. Nor do the allegations support the conclusion that any alleged conduct violated a right that was clearly established such that a reasonable officer would know that his conduct was unlawful. *Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009). Sex offender registration requirements are not unconstitutional simply because the offender was convicted prior to the enactment of the registration laws. *Smith v. Doe*, 538 U.S. 84 (2003). Nor does the registration statute violate constitutional principles by failing to require a pre-classification hearing. *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003).

As for Plaintiffs' claim of false arrest, a § 1983 claim based on a theory of false arrest stands on the Fourth Amendment and turns on the question of probable cause. *Gorcaj v. Medulla*, 51 Fed.Appx. 158, *159, 2002 WL 31558071, **2 (6th Cir. Nov. 15, 2002). Even under the facts as presented by Plaintiffs, it is clear that Plaintiff Muhammad's 2007 arrest was prompted by his admitted violation of the twenty day advance registration requirement for any change of address under Ohio Rev. Code § 2950.05. Thus, Plaintiff's own version of the facts reveals that the officers had probable cause at the time of his arrest, and consequently the facts do not support a Fourth Amendment claim. *Stemler v. City of Florence*, 126 F.3d 856, 8712 (6th Cir. 1997).

Finally, to the extent that the Plaintiffs seek to bring a defamation claim based on sex offender registration information published on the Sheriff's website, defamation is not actionable under § 1983. Defamatory publications, no matter how seriously they may have harmed Plaintiff's reputation, do not constitute a deprivation of due process rights of liberty or property, nor do they implicate constitutionally protected privacy rights. *Paul v. Davis*, 424 U.S. 693, 712-13 (1972); *Smith v. Doe*, 538 U.S. 84 (2003); *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003).

IT IS THEREFORE RECOMMENDED THAT this case be DISMISSED.

*/s/ Timothy S. Hogan*

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Abdul Shabazz Muhammad,
a/k/a Andre Dotson, et. al.
    Plaintiffs

vs

Case No. 1:08-cv-256-HJW-TSH
(Weber, Sr. J.; Hogan, M. J.)

Sheriff Simon Leis, et. al.,
    Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9/18/09 . Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br>Abdul Shabazz Muhammad<br>Sylvia R Gilliam<br>7787 Stillwell Road<br>Cinti, OH 45237 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4285 |
| PS Form 3811, August 2001 | Domestic Return Receipt  102595-02-M-1540 |

1:08cv256 Doc. 34